UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON ALMAZ ZAUDITU LIYOU,<br>Plaintiff,<br>v.<br>SCROGGINS, et al,<br>Defendants. | No. 1:26-cv-04384-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 4)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Lon Almaz Zauditu Liyou ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the complaint commencing this action on June 10, 2026. (ECF No. 1). Plaintiff's complaint is 64 pages long and asserts 14 causes of action against thirty-four (34) defendants. Plaintiff appears to assert a myriad of claims ranging from "neuroparasitological trauma" to deliberate indifference, religious and racial discrimination, housing insecurity, and other claims.

On June 16, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims because the complaint violated the Federal Rules of Civil Procedure including Rule 8(a) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 4). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that she wished to stand on her complaint. (*Id.* at 1-2). Additionally, the Court warned Plaintiff that, if she chose to stand on her complaint, the Court would issue findings and

recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons set forth in this order. The Court also warned Plaintiff that if she failed to file anything, the Court will recommend that the case be dismissed. (*Id.* at 2).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLAINTIFF'S COMPLAINT

Plaintiff filed her complaint on June 10, 2026 (ECF No. 1). Plaintiff's complaint is 66 pages long and asserts 14 causes of action, including violations of 42 U.S.C. § 1983 for substantive due process; the first amendment; the fourteenth amendment equal protection clause, procedural due process; violation of the fair housing act; violation of the American with disabilities act; and numerous state law claims.

Plaintiff's complaint begins as follows:

> This action constitutes a formal & jurisprudentially grounded challenge to the systematic, arbitrary, & ultra vires deprivation of constitutionally enumerated & implicitly protected prerogatives under the color of state law. The Plaintiff, Lon Almaz Zauditu Liyou, an Abyssinian & Aborigine L'Amerique (America), seeks the equitable & compensatory redress for grievances arising from a series of administrative acta that transcend the established boundaries of rational governance, thereby descending into the realm of capricious & unconstitutional exercise of sovereign power. The Defendants' modus operandi represents a profound & indefensible departure from the teleological objectives of the relevant statutory & constitutional frameworks, thereby necessitating the immediate & decisive intervention of this Honorable Court to restore the equilibrium of justice & uphold the supremacy of law.
>
> The gravity of the constitutional infractions detailed herein cannot be overstated. We are confronted with a paradigm of institutionalized negligence & active malice, where the most vulnerable members of society are subjected to a gauntlet

> of administrative hurdles, physical endangerment, & psychological warfare. This litigation serves as a necessary corrective to the pervasive culture of impunity that has taken root within the social service & municipal infrastructure of the City of Fresno. The Plaintiff has been subjected to a sustained campaign of targeted harassment, religious persecution, & administrative erasure. This campaign has not only resulted in physical & neurological harm dubbut has also sought to strip the Plaintiff of her dignity & her standing as a citizen endowed with inalienable rights.
>
> The Plaintiff's experience is a microcosm of a broader, systemic failure within the municipal & social service infrastructure of the City of Fresno, where the intersection of homelessness, indigenous identity, & religious conviction has been met with institutionalized hostility rather than the mandated protections of the law. Invoking the venerable traditions of American constitutional jurisprudence & the philosophical underpinnings of legal positivism & natural law, this Complaint meticulously elucidates the critical intersection of substantive due process, equal protection, & the foundational principles of equity. The Plaintiff asserts that the Defendants have collectively engaged in a policy of erasure, where her legal existence & constitutional rights have been systematically ignored, obstructed, or actively violated. This is not merely a failure of service; it is a fundamental betrayal of the social contract & an affront to the dignity of the human person.
>
> This Complaint is not merely a recitation of grievances; it is a scholarly indictment of a system that has failed its most fundamental mandate: the protection of the individual against the overreach & indifference of the state & its agents. The legal arguments presented herein are grounded in a rigorous analysis of federal civil rights statutes. constitutional amendments, & the burgeoning field of neuroparasitology as it relates to behavioral manipulation & psychological trauma. The Plaintiff asserts that the cumulative effect of the Defendants' actions has resulted in a state of civic death, where her rights are not merely violated dubbut systematically negated. The scholarly cadence of this document reflects the gravity of the issues at stake, demanding a level of judicial scrutiny commensurate with the profound nature of the constitutional deprivations state as definitive truthd.

(*Id.* at 3-7).

Plaintiff's complaint then describes various unrelated claims, ranging from a parasite implementation to the erasure of Plaintiff's identity, to suffering religious discrimination at a facility for housing transitions.

The complaint discusses sections of the United States Constitution, various federal statutes, such as the Fair Housing Act, state law claims, and torts. For damages, Plaintiff seeks compensatory damages in the amount of $18,000,000,000.00 and punitive damages in the amount of 2,000,000,000.00. (*Id.* at 57).

\\\

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Lack of short and plain statement

Plaintiff's complaint is subject to dismissal under Rule 8 of the Federal Rule of Civil Procedure because it does not contain a short and plain statement of any claim.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8 and may be dismissed. *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

Finally, a complaint should not be pled in a "shotgun" manner, which occurs when

> [A] party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024). There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint;
>
> (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and
>
> (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

35A C.J.S. *Fed. Civ. Proc.* § 310 (2025); *see also* 61A Am. Jur. 2d *Pleading* § 159 (2025) (discussing the "four rough types or categories of shotgun pleadings").

The Ninth Circuit has recently explained that "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson,* 165 F.4th at 1289.

As an initial matter, Plaintiff's entire complaint is replete with conclusory statements and immaterial facts that are not connected with any causes of action. For example, when alleging certain facts against Defendant Civil Rights Department Plaintiff states "The department's failure to enforce civil rights laws, despite clear evidence of violations, effectively sanctioned the ongoing oppression of the Plaintiff. The department's inaction in the face of clear evidence of systemic discrimination & indigenous rights violations has left the Plaintiff with no recourse dubbut [sic] to seek the intervention of this Honorable Court." (ECF No. 1 at 21). This statement, as well as the majority other statements within the complaint run afoul of Rule 8 by making "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements…" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Additionally, Plaintiff's complaint is pled in a manner that is considered a "shotgun pleading." For example, Plaintiff states the following

> Defendants CALIFORNIA SECRETARY OF STATE SAFE AT HOME PROGRAM & the STATE OF CALIFORNIA engaged in administrative derelictions, including the illegal unenrolling of Plaintiff & the failure to issue mandatory identification, violating the Fourteenth Amendment Procedural Due Process & Equal Protection clauses. Despite formal notice on May 4, 2026, regarding civil rights violations & the retaliatory suspension of Plaintiff's LLC, these Defendants have failed to provide mandatory welcome packet documentation or expedite name change packets, further obstructing Plaintiff's legal & business interests. This systemic failure stripped the Plaintiff of the confidentiality & protections essential for her safety, exposing her to further harm. The administrative erasure of the Plaintiff's identity within the state's protection programs constitutes a form of civic death. By failing to maintain her enrollment & provide necessary identification, the program rendered the Plaintiff invisible to the very systems designed to protect her, thereby exposing her to further harm & creating a barrier to her access to other essential services. This conduct constitutes a direct violation of the Amendment's Procedural Due Process & Equal Protection clauses, as the Plaintiff was denied the protections afforded to other similarly situated individuals without any rational basis or fair process.

(*Id.* at 19-21). These allegations fail to demonstrate what facts are underlying which causes of action against which defendants.

Finally, Plaintiff puts forth claims of cover-ups and parasite implantation not tied to statutes or legal claims. For example, Plaintiff states:

> Defendant JAMES SCROGGINS engaged in intentional, wrongful conduct of such a heinous & predatory nature that it directly & proximately precipitated a near-fatal physiological collapse & grievous neurological impairment, violating the Plaintiff's Fourteenth Amendment Substantive Due Process rights to bodily integrity & the very sanctity of life. Defendant Scroggins subjected Plaintiff to a regime of extreme psychological torment, compelling her to witness illicit & grotesque digital content from the dark web--depicting the morbid & unnatural amalgamation of animal heads (specifically dog, cat, or lab rat heads) surgically conjoined onto a single body. This was not a mere act of visual harassment dubbut a calculated, weaponized attempt to inflict profound neurological trauma & emotional destabilization.
>
> Furthermore, Defendant Scroggins engaged in a deceptive & malicious campaign involving a parasitic infestation. Despite the Plaintiff's visible terror upon discovering white, parasitic organisms on a kale plant, Defendant Scroggins first engaged in the deliberate & calculated preservation of these pathogens within a small, clear container. Subsequent to this act of preservation, Scroggins executed a malicious act of biological endangerment by planting these parasitic organisms on the second pedal digit of the

> Plaintiff's left lower extremity (the second left toe). This intentional introduction of pathogens into the Plaintiff's physiological system catalyzed a progressive & debilitating parasite pathology, an act that falls within the sinister ambit of neuroparasitology--the study of parasitic infections that target the nervous system to induce neurological sequelae, cognitive impairments, & behavioral alterations…"

(*Id.* at 17-19). Another example of this type of claim is:

> THE FRESNO STATE UNIVERSITY COVER-UP CALIFORNIA STATE UNIVERSITY. FRESNO is a defendant for its role in a systemic cover-up of criminal activities. The institution, through its agents and employees, has engaged in the suppression of information regarding egregious acts committed on its campus, including the sexual assault of livestock. By sweeping these incidents under the rug, the University has failed in its duty of transparency and has contributed to a culture of impunity that emboldens further abuse and corruption.

(*Id.* at 44-45).

In conclusion, Plaintiff's complaint fails to comply with Rule 8 as it does not contain a short and plain statement of the claims as required.

**b. Rules 18 and 20**

Plaintiff's complaint also violates the Federal Rules 18 and 20 because it asserts numerous unrelated claims against numerous defendants.

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).

Under Federal Rule of Civil Procedure 20(a)(2), multiple parties may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff may not bring unrelated claims against unrelated parties in a single action. *K'napp v. California Dep't of Corrections,* No. 1:12-CV-01895-LJO, 2013 WL 5817765, at *2 (E.D. Cal. Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dep't of Corr. & Rehab.,* 599 F. App'x 791 (9th Cir. 2015) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a claim.").

"Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party." *Washington v. Fresno County Sheriff*, 2014 WL 641137, at *2 (E.D. Cal., Feb. 18, 2014); *Miller v. Kernan*, 2017 WL 590259, at *3 (E.D. Cal., Feb. 14, 2017) (same); *Williams v. Madera Police Dep't*, 2012 WL 3068944, at *3 (E.D. Cal., July 26, 2012) ("Plaintiffs will not be permitted to proceed with a "mishmash of a complaint.'").

Plaintiff's factual allegations do not involve any related transaction or occurrence. The complaint is a long list of allegations against thirty-four defendants that share no common nucleus. Indeed, Plaintiff opens the complaint with a narrative stating amongst other things, "This action constitutes a formal & jurisprudentially grounded challenge to the systematic, arbitrary, & ultra vires deprivation of constitutionally enumerated & implicitly protected prerogatives under the color of state law…" (ECF No. 1 at 3). Thus indicating that Plaintiff's complaint is a general set of allegations brought fourth against numerous, unrelated defendants in one case.

Plaintiff's complaint thus fails to comply with Rule 18 and 20.

## IV. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the

first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.)* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court finds that dismissal is appropriate.

///

///

///

## V. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 30, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE